IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| vs. | ) | **GRANTING PLAINTIFF'S MOTION** |
| | ) | **FOR SUMMARY JUDGMENT** |
| Robert G. Anderson, a/k/a Robert | ) | |
| Anderson or Bob Anderson; Carren L. | ) | |
| Anderson, a/k/a Carren Anderson, et al., | ) | Civil File No. 2:04-cv-121 |
| | ) | |
| Defendants. | ) | |

Before this Court is the United States' Motion for Summary Judgment (Doc. #26) and a

Statement of Undisputed Material Facts (Doc. #28).  Defendants have filed a brief in response

(Doc. #32) along with a statement of facts which they believe to be both material and disputed

(Doc. #33).  The United States has additionally offered a reply brief (Doc. #35).


**SUMMARY OF JUDGMENT**

The Court finds that there exists no genuine issue of material fact that would preclude

summary judgment.  Defendants' affirmative defenses are without legal merit and their proffered

Statement of Material Facts contains no facts that are both relevant and disputed.  Under these

circumstances, summary judgment is proper.


**BACKGROUND FACTS**

On October 28, 2004, the United States filed a two-count Complaint, seeking the

foreclosure of certain real estate mortgages and related security agreements.  Initially, twelve

defendants, including the Andersons, were named in this Complaint.  These other defendants

were judgment holders, lien holders, or both. On November 23, 2004, the United States moved

to dismiss Count Two of the Complaint, as well as several defendants.  On January 25, 2005,

Defendants Robert and Carren Anderson were personally served with the Complaint.

This case concerns two loans, one from 1972 and one from 1976.  Defendants obtained

the 1972 loan from the Farmer's Home Administration (FmHA), later known as Farm Services

Administration (FSA).  This loan was subsequently reamortized and/or restructured five times.[1]

The 1976 loan was obtained from the Rural Housing Service (RHS) and was reamortized on four

occasions.[2]  As part of the restructuring, Defendants executed and delivered a Shared

Appreciation Agreement (SAA) to the FSA.  The United States is the holder and owner the

promissory notes, mortgages, and the Shared Appreciation Agreement.   The real property that

served as the security for these loans is set forth at length in the Complaint.

The United States seeks foreclosure based on the Defendants alleged failure to make

timely principal, interest, and tax payments related to these loans and properties.  Defendant

Robert Anderson filed a Rule 12(b)(6) Motion to Dismiss (Doc. #5), which this Court denied

(Doc. #20).  The United States now moves for summary judgment, contending that Defendant

has failed to make timely payments on the principal and/or the interest of the two loans.

---

[1]The Defendants, for value received, executed and delivered to the United States, acting on behalf of the FSA/FmHA, a promissory note wherein they promised to pay to the United States the sum of $40,900 plus 5 percent interest per annum until paid.  The note was reamortized on September 11, 1989 ($56,775.66), March 6, 1991 ($66,908.97), April 6, 1993 ($68,606.48), March 11, 1996 ($75,866.10), and July 17, 1998 ($89,425.44).  See Doc. #1, Exs. B-F.

[2]The Defendants, for value received, executed and delivered to the United States, acting on behalf of the RHS, a promissory note wherein they promised to pay the sum of $30,000 plus 8.5 percent interest per annum until paid.  The note was reamortized on September 11, 1989 ($32,992.97), March 6, 1991 ($37,149.63), April 6, 1993 ($42,963.33), and June 1, 1998 ($41,243.32), See Doc. #1, Ex. G, Ex. 9.

## ANALYSIS

The standard for granting summary judgment is well-established.  Summary judgment is appropriate when the record contains "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c);  Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986); Mt. Pleasant v. Associated Elec. Coop., Inc.  838 F.2d 268, 274 (8th Cir. 1988).   "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(emphasis in original).  "An issue of material fact is genuine if it has a real basis in the record."  Hartnagel v. Norman, 953 F.2d 394, 395 (8th Cir. 1992) (citing Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)).  "A genuine issue of fact is material if it 'might affect the outcome of the suit under the governing law.'" Id. (quoting Anderson, 477 U.S. at 248).

The district court's function at the summary judgment stage of the proceedings is not to weigh the evidence and determine the truth of the matter, but to determine whether there are genuine issues for trial.  Quick v. Donaldson Co., Inc., 90 F.3d 1372, 1376-77 (8th Cir. 1996). Further, a court considering a motion for summary judgment must view all the facts in the light most favorable to the nonmoving party, and give the nonmoving party the benefit of all reasonable inferences that can be drawn from the facts. Id.  Where a reasonable jury could return a verdict for either party on the facts of the case, a genuine dispute exists.  Litrell v. City of Kansas City, 459 F.3d 918, 921 (8th Cir. 2006)(citing Anderson, 477 U.S. at 252).  Rule 56, however, "mandates the entry of summary judgment...against a party failing to make a showing

sufficient to establish the existence of an element essential to that party's case." Celotex Corp.,

477 U.S. at 322.

Defendants initially denied default on principal and interest payments, but conceded to

failing to make timely tax payments (Doc. #21, pg.1).  Defendants now admit to default on their

loan and tax obligations (Doc. #32, pg. 1), but advance several affirmative defenses and material

issues.  Defendants additionally deny that any declaration of default was made, that the loans

were accelerated, or that the United States completed the required administrative servicing.  The

United States counters that Defendants' factual assertions are without support, and are actually

directly contravened by the record.

Firstly, this Court finds that Defendants' arguments relating to declarations of default,

acceleration, and administrative servicing are without support.  The record indicates that

Defendants were notified by certified mail of their default status and of the available loan

servicing options.  The record also indicates that the loans described in the Complaint were

accelerated.  See Doc. #27, Exs. 3-8.

The Court is mindful of its obligation to resolve all reasonable factual disputes in favor of

the non-moving party, particularly in instances, such as here, where the party appears *pro se*.

This does not mean, however, that assertions that are transparently false must be treated as true

or the mere incantation of the phrase "genuine issue of material fact" operates as a *deus ex*

*machina*, defeating an otherwise proper summary judgment.  "The test for summary judgment is

steeped in reality.  Although the remedy must be withheld if material facts are authentically

disputed, there is a burden of production: the party opposing the motion 'must set forth specific

facts showing that there is a genuine issue for trial.'"  Medina-Munoz v. R.J. Reynolds Tobacco

Co., 896 F.2d 5, 6 (1st Cir. 1990) (citing Fed.R.Civ.P. 56(e)).  Summary judgment is similarly

warranted when the non-moving party rests upon mere conclusory allegations, improbable

inferences and unsupported speculation.  Demerath Land Co. v. Sparr, 48 F.3d 353, 355 (8th Cir.

1995) (citing Medina-Munoz, 896 F.3d at 8).  In the present matter, Defendants have failed to

produce any facts that demonstrate that there is a genuine issue for trial.

Upon review of the record and pleadings, this Court is satisfied that the United States has

established the essential elements of a foreclosure action by showing (1) the Andersons

delivered, for value, promissory notes to the United States in exchange for a loan from the

FmHA/FSA and a loan from the RHS, (2) that the Andersons delivered real estate mortgages to

the United States to secure the obligations owed to the FmHA/FSA and RHS, (3) that the United

States is the owner and holder of these promissory notes, real estate mortgages, and the Shared

Appreciation Agreement, (4) that Defendants have failed to make timely payments of one or

more of their principal, interest, or tax obligations, and (5) that the mortgage liens of the United

States are superior to the those recorded by defendants Benson County Co-op Credit Union on

June 30, 1994, State of North Dakota, through the Office of the State Tax Commissioner on

February 15, 2001, and Hospital Services May 7, 2002, respectively.[3]

The establishment of the above facts, combined with the Defendants' failure to adduce

any genuine issues of material fact is sufficient grounds to ordinarily grant summary judgment.

The Andersons have, however, put forward eight affirmative defenses in their Answer, and have

also provided in their Reply nine additional arguments which they contend preclude summary

---

[3]Defendants Benson Count Co-op Credit Union, State of North Dakota, through the Office of the State Tax
Commissioner, and Hospital Services failed to answer the Complaint, therefore they are deemed to have admitted to
paragraphs 23-27 contained therein.  Fed. R. Civ. P. 8(d).

judgment.  The Court individually addresses these arguments to discern whether there exists a

genuine issue of material fact.

Defendants Robert and Carren Anderson assert as their first affirmative defense that no

cause of action exists in relation to the November 28, 1972 promissory note because this note

was actually held by Farmers State Bank of Minnewauken, rather than the government.  Such an

assertion is contradicted by the record, which demonstrates that the FSA did, in fact, reacquire

the November 28, 1972 note.  See Doc. #27, Ex. 2.  Defendants' contention would also

contravene their admission that they have reamortized the note on five separate occasions (1989,

1991, 1993, 1996, and 1998).  See Doc. #1, ¶ 1; Doc. #21, pg. 1.

Defendants, in their second affirmative defense, assert that no cause of action exists as to

the August 4, 1976 note because the promissory note contained in the Complaint did not include

an acceptance of terms.  This assertion is apparently based on the fact that the signature page of

the promissory note was accidentally omitted from the initial Complaint.  This page, which

clearly demonstrates Defendants' acceptance of terms, has been subsequently included in the

record.  See Doc. #27, Ex. 9.  Defendants' argument is therefore without merit.

Defendants' third affirmative defense is that the SAA expired on April 6, 2003, and the

government is estopped from asserting the mortgages incorporated by reference into the SAA are

a basis for any foreclosure action.  This contention has no support in law.  Shared appreciation is

due at the end of the term of the SAA, if not sooner.  Bukaske v. United States Dep't of Agirc.,

193 F. Supp. 2d 1162, 1170 (D.S.D. 2002) (citing Israel v. United States Dep't of Agric, 282

F.3d 521, 527 (7th Cir. 2002)).  See also Stahl v. United States Dep't. of Agric., 327 F.3d 697,

702 (8th Cir. 2003); 7 C.F.R. § 2001(e)(4) (stating that "recapture shall take place at the end of

the term of the agreement"). This argument, therefore, has no merit.

Defendants fourthly assert that the loan agreements specify that foreclosure is proper only after certain predicate conditions have been fulfilled, and that such acts have not been performed in the instant case. Although Defendants do not elaborate on the nature of such in their Answer, Defendants' deposition testimony reveals that the unnamed predicate condition was the rendering of adequate preforeclosure notice. Doc. #27, Ex.10, pg. 6. Specifically, Defendants contend that they did not receive the notice that FSA is required to serve upon delinquent borrowers. The required construction of the notice is set forth in 7 C.F.R. § 1951, Subpart S, Exhibit A, (2000 Edition). The record, however, indicates that the FSA sent Defendants the required notice in a letter dated April 20, 2000. Doc. #27, Exs. 2 and 7. The Court, upon inspection of both the statutory requirements and the April 20, 2000 letter, is satisfied that the FSA complied with the terms of § 1951.

Defendant's fifth affirmative defense is that the July 17, 1996 promissory note is time barred, effectively "expiring" on July 17, 2002. However, there does not appear to be a July 17, 1996 note described anywhere else in the record. Defendants are instead almost certainly describing the July 17, 1998 note, and have simply made an error in transcription. This 1998 note is not time-barred under 28 U.S.C. § 2415(a). Morever, this is not an action for a deficiency judgment, but rather a foreclosure action. As this Court has previously noted (Doc. #20), actions to foreclosure mortgages brought the United States are not subject to a time limit. United States v. Hughes Ranch, Inc., 33 F. Supp. 2d 1157, 1167 (D. Neb. 1999); 28 U.S.C. § 2415(c).

As their sixth affirmative defense, Defendants allege that the FSA has not accelerated the various notes or SAA. This assertion is clearly contravened by the record. See Doc. #27, Exs.

3-6, 12.

Defendants' seventh affirmative defense is that the FSA misrepresented Defendant's appeal options.  The Andersons state that FSA represented in a notice of acceleration that Defendants had no administrative appeal rights.  The only letters from FSA that contain such language are the August 14, 2001 Notice of Acceleration sent to Robert Anderson (Doc. #27, Ex. 4) and the August 14, 2001 Notice of Acceleration sent to Carren Anderson (Doc. #27, Ex. 5). These letters do not misrepresent any of Defendants' rights, as the administrative appeal period expired on August 13, 2000.  Moreover, the FSA did, in fact, sent such notice prior to this juncture.  The June 28, 2000 Notification of Intent to Accelerate or Continue Acceleration of Loans and Notice of Your Rights (Doc. #27, Ex. 5) set forth Defendants' administrative appeal rights and further informed them that their "appeal must be postmarked no later than 30 days from the date you received this notice."  Defendant's argument as to this point is therefore unavailing.

The eighth and final of Defendants' affirmative defenses is that the Defendants are entitled to administrative stay pending the resolution of a claim they filed with the USDA Office of Civil Rights (hereafter "OCR").  This claim, filed on May 19, 2003,  alleged discrimination on the basis of the Defendants' marital status (married), gender, and race (Caucasian).  An OCR investigator electronically sent interrogatories to the Andersons on February 9, 2004, asking the Defendants to respond by February 13, 2004.  When no response was received, the OCR sent a letter requesting a reply within 15 days, which further stated that failure to comply would result in the OCR closing the Andersons' case.  This letter was sent by certified mail.  OCR received a response from Mr. L.R. Bretz, who indicated he was the Defendants' legal representative.  Bretz

made reference to, and acknowledged receipt Defendants' receipt of, the February 9th electronic

interrogatories.  Because Defendants did not previously state that they had retained

representation, OCR sent a "Notice of Representation" for the Andersons to fill out and return

within 15 days.  This notice was sent on February 27, 2004, via certified mail, to both the

Defendants and Bretz. These letters again stated that failure to return the interrogatories within

15 days would result in OCR closing the case.  After the Andersons' second failure to complete

the interrogatories and their refusal to return the Notice of Representation form, the OCR closed

the Defendant's case (Doc. #27, Ex. 8).  Therefore, the contention that Defendants are entitled to

an administrative stay is without merit.

The above affirmative defenses, even analyzed in the context most favorable to

Defendant, offer no basis to preclude summary judgment.  Defendants, however, have also

provided in their Response (Doc. #32) nine arguments which they purport constitute genuine

issues that preclude summary judgment.  The Andersons have additionally provided a Statement

of Material Facts (Doc. #33) that contains a verbatim recitation of these arguments.  These nine

issues can essentially be reduced to three broader arguments, specifically, that the Defendants

did not receive notice of changes to the SAA, and the SAA agreement itself is void, that they

received inadequate pre-foreclosure notice; and that their discrimination complaint filed with the

OCR precludes foreclosure.  The Court addresses each of these argument in turn.

Defendants first assert that they did not receive notice of alterations made to the SAA by

a subsequent law.  These changes included allowing a capital improvement deduction and an

interest rate change.  Defendants provide two articles which describe these changes.  This lower

interest rate, however, only applies when the shared appreciation becomes due and the FSA

finances the repayment of that amount over time through a new promissory note.  Here, by

contrast, the Defendants did not have the option of paying over time, because the amount due

was accelerated.  When the debt is accelerated, the borrower does not have the option of paying

over time.  7 C.F.R. § 1951.914(e).  Further, the debt owed by the Andersons is not accruing any

interest.  See Doc. #27, Exs. 1 and 12.  Under these circumstances, the Defendants have suffered

no harm from this alleged lack of notice.  As far as the capital improvement deduction is

concerned, the Defendants are not arguing that they were entitled to such a deduction, but rather

that they received no notice.  As such, the Court fails to see the relevance of this provision to the

instant case.

Defendant secondly argues that the SAA is void, because the Defendants believe that 7

C.F.R. § 1951.909 stands for the proposition that "the SAA write down can only have a validity

where no other primary loan servicing program including deferral nor combinations thereof will

produce a feasible plan that will allow the Andersons to continue farming."  In short, Defendants

contend that if some other loan servicing option would have allowed them to continue farming,

the SAA is void.  See C.F.R. § 1951.909.  Defendants have not, however, stated which servicing

option would allow them to maintain farming and, as such, the SAA cannot be considered void

on this basis.  The Court further notes, however,  that if the SAA were void, the Defendant

would also forfeit any boon received from the agreement.  In short, if Defendants' contention

were correct, they would be liable for an additional $100,071.94, plus any interest accrued since

April 6, 1993.

Defendants make additional arguments concerning the alleged inadequacy of the FSA's

pre-foreclosure notice.  Defendants state that the notice they were provided did not include a

summary of all available appeal procedures as required under 7 U.S.C. § 1981d(b)(1).

Defendants additionally contend that they were entitled to be informed of the conditions of the

"primary loan service" and of the computer system used to perform relevant calculations.

      The Court has examined the briefs of both parties, as well as the supporting exhibits, and

concludes that the notice afforded Defendants satisfies both statutory and constitutional

requirements.  As the Court of Appeals has noted, "neither the statutory scheme nor the

implementing regulations require personal notice."  United States v. Birchem, 100 F.3d 607, 608

(8th Cir. 1996).  The Eighth Circuit further observed that the notice statute, 7 U.S.C. § 1981d, is

satisfied when the FmHA "provides notice by certified mail to each borrower."  Id. (citing 7

U.S.C. § 1981d(a)).

      Here, the FmHA supplied a letter to Defendants via certified mail, dated April 20, 2000,

entitled "Notice of Availability of Loan Servicing and Debt Settlement Programs" (Doc. #27,

Ex. 7)  This notice informed Defendants of the available primary loan service programs, debt

settlement programs, appeal procedures, applicable time limits, recommendations for low-cost or

no-cost legal representation, as well as acceleration and foreclosure procedures.  This is

sufficient to satisfy the statutory notice requirement of 7 U.S.C. § 1981d.

      The notification process additionally satisfied due process rights.  The Fifth Amendment

guarantees notice "reasonably calculated, under all the circumstances, to apprise interested

parties of the pendency of the action, and afford them an opportunity to present their objections."

Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950); see also Royer v. City

of Oak Grove, 374 F.3d 685, 689 (8th Cir. 2004).  The Court is satisfied that the pre-foreclosure

notice provided to the Andersons, described above, is sufficient to satisfy due process.

Defendants finally contend that summary judgment may not be granted because of the existence of a pending discrimination complaint filed with the FSA.  According to Defendants, the referenced complaint is actually a second complaint which the Andersons claim to have filed May 30, 2004.  Plaintiff has indicated that the OCR has no record of this second complaint even being filed.  This fact, however, is immaterial to the resolution of the present matter.  The USDA does have policies in place that would result in postponement of foreclosure referral procedures in certain instances.  Specifically, a stay is warranted when a foreclosure case is still under the administrative authority of the Department of Agriculture.  This policy, however, does not apply when the foreclosure matter has already been referred to the Department of Justice (DOJ) for legal action.  At that point, the Department of Justice and the relevant United States Attorney's Office possess all authority relating to the foreclosure matter.  See 7 § U.S.C. 1981(b)(4)(B); 28 U.S.C. § 516.  Here, the USDA referred the matter to the DOJ on October 9, 2002, almost two years before the Andersons lodged their second discrimination complaint with the OCR.  Thus, even construing the facts in favor of the Defendants, and finding that they filed a second civil rights complaint with the OCR, such a determination could not effect the outcome of this case, and is therefore not material.  Anderson, 477 U.S. at 248.

None of the issues raised in Defendants' Response and Statement of Material Facts are sufficiently material to defeat the present motion.  This Court, upon review of the record and the pleadings is satisfied that summary judgment may properly be granted.

## CONCLUSION

Plaintiff's Motion for Summary Judgment is hereby **GRANTED**.

**IT IS SO ORDERED**.

Dated this <u>23rd</u> day of July, 2007.

<u>　/s/　Ralph R. Erickson　　　</u>
Ralph R. Erickson, District Judge
United States District Court
