IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | |
|---|---|
| United States of America, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Robert G. Anderson, a/k/a Robert )<br>Anderson, a/k/a Bob Anderson; Carren L. )<br>Anderson, a/k/a Carren Anderson, et al., )<br>)<br>Defendants. ) | **ORDER DENYING<br>MOTION FOR RELIEF FROM<br>SUMMARY JUDGMENT**<br><br>Civil No. 2:04-cv-121 |

Before the Court is a Motion for Relief from Order Granting Summary Judgment filed by Defendants Robert and Carren Anderson ("the Andersons") (Doc. #37). The United States has filed a brief in opposition (Doc. #45).

The United States filed the instant action seeking foreclosure of certain real property owned by the Andersons based on their failure to make timely loan payments. The United States sought summary judgment on its foreclosure claim, and this Court found there were no genuine issues of material fact and granted summary judgment in favor of the United States. In reaching the conclusion that summary judgment was appropriate, this Court addressed and rejected the approximately twenty different arguments advanced by the Andersons in opposition to summary judgment.

Shortly after the order granting summary judgment was filed, the Andersons filed the instant motion seeking relief from the order under Rule 60(b), Fed. R. Civ. P. The Andersons contend that certain findings of fact were made in error, that the notice they received was deficient under 7 U.S.C. § 1981d, that there was no lawful basis for acceleration of the loans, and that they are entitled to an

1

administrative stay.  The Court notes that the Andersons advanced essentially the same arguments in their briefing in opposition to summary judgment.

Although the Andersons state their motion is brought under Rule 60(b)(6), they also discuss mistake and inadvertence in their supporting brief.  Therefore, the Court will construe their motion as seeking relief from summary judgment under both subsections (1) and (6) of Rule 60(b).

Rule 60(b), Fed. R. Civ. P., provides in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> . . . .
> (6) any other reason that justifies relief.

Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.  Jones v. Swanson, 512 F.3d 1045, 1048 (8th Cir. 2008).  The provisions of Rule 60(b) are grounded in equity and exist to prevent the judgment from becoming a vehicle of injustice.  Harley v. Zoesch, 413 F.3d 866, 870 (8th Cir. 2005).  "The rule attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done."  Id. (quoting 11 Wright, Miller & Kane, Federal Practice and Procedure § 2851, at 227 (2d ed. 1995)).  It is well-established that Rule 60(b) authorizes relief only in the most exceptional of cases.  In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig., 496 F.3d 863, 866 (8th Cir. 2007).

Although the Andersons' briefing is less than clear, it appears their claim of "mistake or inadvertence" under Rule 60(b)(1) relates to this Court's factual findings and legal conclusions. The Eighth Circuit has held that "relief under Rule 60(b)(1) for judicial error other than judicial inadvertence is not available." Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 460-61 (8th Cir.


2000) (internal quotations omitted). In Sanders v. Clemco Industries, 862 F.2d 161, 169-70 (8th Cir. 1988), the Eighth Circuit concluded it was not an abuse of discretion for the district court to deny a motion under Rule 60(b)(1) which raised "only issues of law that previously were rejected by the district court." The Sanders court stated, "[T]he failure to present reasons not previously considered by the court alone is a controlling factor against granting relief." Id. at 170. The Eighth Circuit has employed similar reasoning in other cases involving Rule 60(b)(1). See Bilal v. Kaplan, 956 F.2d 856, 857 (8th Cir. 1992) (internal quotations omitted) (finding the plaintiff's claim that the district court erred as a matter of law by dismissing his complaint "did not present any of the grounds for relief under Rule 60(b)(1)-(3) or an unusual situation warranting relief under Rule 60(b)(6)"); Spinar v. S.D. Bd. of Regents, 796 F.2d 1060, 1062-63 (8th Cir. 1986) (concluding that plaintiff's Rule 60(b) motion, which asserted the district court erred as a matter of law in granting judgment for defendants, "did not set forth a proper ground under Rule 60(b)(1) for relief from judgment").

Relief is available under Rule 60(b)(6), the catch-all provision, only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress. Murphy v. Mo. Dep't of Corr., 506 F.3d 1111, 1117 (8th Cir. 2007); see also Atkinson v. Prudential Prop. Co., 43 F.3d 367, 373 (8th Cir. 1994) (internal quotations omitted) ("Relief is available under Rule 60(b)(6) only where exceptional circumstances prevented the moving party from seeking redress through the usual channels."). Relief under Rule 60(b)(6) is exceedingly rare because it requires intrusion into the sanctity of a final judgment. In re Guidant Corp., 496 F.3d at 868. Exceptional circumstances are not present every time a party is subject to potentially unfavorable consequences as a result of an

adverse judgment at which the court properly arrived.  Id.  Rather, exceptional circumstances are relevant only where they bar adequate redress.  Id.

Based on the foregoing principles, the Court concludes the Andersons are not entitled to relief from the order granting summary judgment under either Rule 60(b)(1) or Rule 60(b)(6).  By their own admission, the Andersons are simply rearguing issues which have already been presented to and decided by the Court.  See Memorandum Opinion Granting Plaintiff's Motion for Summary Judgment, at 4, 7-11 (rejecting the Andersons' arguments that they received deficient notice under 7 U.S.C. § 1981d, that the loans were never accelerated, and that they are entitled to an administrative stay).  The Andersons have not shown any judicial inadvertence which would provide grounds for relief under Rule 60(b)(1).  Rather, they merely claim the Court committed error in its findings of fact and conclusions of law, which does not provide a basis for relief from the final order and judgment under Rule 60(b)(1).

Likewise, the Andersons cannot obtain relief under Rule 60(b)(6) because there are no exceptional circumstances present in this case which prevent them from receiving adequate redress. Indeed, the Andersons have had a full and fair opportunity to litigate their claims before this Court, and they are not entitled to relief from the order granting summary judgment merely because they are subject to unfavorable consequences as a result.  If the Court were to revisit factual findings and conclusions of law without some showing of exceptional circumstances, "Rule 60(b)(6) would be nothing more than an end-run around the entire judicial process." Watkins v. Lundell, 169 F.3d 540, 545 (8th Cir. 1999).

The Court concludes this is not a most exceptional case in which relief under Rule 60(b) is authorized.  The Andersons have not shown any exceptional circumstances to justify intrusion into

the sanctity of the Court's final order and judgment. See id. at 544. On the contrary, the Andersons have already received a ruling on the merits of the arguments which they advance in the instant motion, and it is well-established that Rule 60(b) cannot be used as a substitute for a direct appeal from the judgment of this Court. See Spinar, 796 F.2d at 1062. The Andersons' Motion for Relief from Order Granting Summary Judgment is **DENIED**.

    **IT IS SO ORDERED.**

Dated this 28th day of April, 2008.

       /s/   Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court